### GUTTENTAG v. BACHE REALTY CO.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

MASTER AND SERVANT (§ 40*)—ACTION FOR WRONGFUL DISCHARGE—EVIDENCE.
  In an action for damages for wrongful discharge under contract of employment as sales manager, where defendant counterclaimed for money loaned and advanced plaintiff to pay his subagents, evidence of the sums loaned to pay plaintiff's subagents, who were in his employ, is admissible.

  [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 47–49; Dec. Dig. § 40.*]

Appeal from City Court of New York, Trial Term.

Action by Joseph H. Guttentag against the Bache Realty Company. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed and remanded.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Henry Kuntz, of Pearson (Abraham P. Wilkes, of New York City, of counsel), for appellant.

Samuel J. Rawak, of New York City, for respondent.

GUY, J. Plaintiff sues to recover damages for wrongful discharge, under a contract with defendant whereby he was employed for one year, as a sales manager, at the rate of 15 per cent. commission, with a drawing account of $35 a week, to be charged against commissions earned. The defense was that the discharge was justified because of plaintiff's misconduct. Defendant also counterclaimed for money loaned and advanced at plaintiff's request to pay plaintiff's subagents, and a separate counterclaim for conversion.

The finding of the jury that plaintiff was wrongfully discharged is fully sustained by the evidence. The court held that the drawing account was a weekly salary of $35 a week, and that, if plaintiff was wrongfully discharged, he was entitled to recover said sum of $35 per week for the unexpired term of his contract, less $175 earned by him during that time at other employment.

Defendant sought to prove under its counterclaim that defendant loaned to plaintiff sums aggregating $943 to pay plaintiff's subagents, who were in plaintiff's employ; but this evidence was excluded, and defendant excepted. This evidence was admissible, as tending to establish defendant's counterclaim, and the exclusion of such evidence constituted reversible error.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.